# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | |
|---|---|
| CHARISE RICHARDSON-MCGRIFF, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT LEE MCGRIFF<br><br>Plaintiff,<br><br>v.<br><br>W.D. WRIGHT CONTRACTING, INC.; W.D. WRIGHT CONTRACTING, LLC;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

COMES NOW the Plaintiff, Charise Richardson-McGriff, as Personal Representative of the Estate of Robert Lee McGriff, by and through counsel, and for her Complaint, alleges and avers as follows:

## PARTIES

1.      Plaintiff Charise Richardson McGriff ("Richardson-McGriff") and Decedent Robert Lee McGriff (hereinafter "Decedent") were residents of the State of Florida. Robert Lee McGriff died on August 15, 2024. Richardson-McGriff is the Personal Representative of the Estate of Robert Lee McGriff and is therefore authorized to bring this action pursuant to N.C. Gen. Stat. § 28A-18-2.

2.      Defendant W.D. Wright Contracting, Inc. is a corporation organized and existing at all times relevant under the laws of the Commonwealth of

1

Pennsylvania, with its principal place of business in Pennsylvania. Defendant W.D. Wright Contracting, Inc. is registered to do business and has offices in the State of North Carolina, and on information and belief entered into a contract to do business in the State of North Carolina to implement traffic control at the relevant accident site.

3.    Defendant W.D. Wright Contracting, LLC is a limited liability company organized and existing at all times relevant under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. Defendant W.D. Wright Contracting, Inc. is registered to do business and has offices in the State of North Carolina, and on information and belief entered into a contract to do business in the State of North Carolina to implement traffic control at the relevant accident site.

4.    Defendants W.D. Wright Contracting, Inc. and W.D. Wright Contracting, LLC will be referred to collectively herein as "W.D. Wright" or "W.D. Wright Defendants."

5.    When Plaintiff herein describes "W.D. Wright", or the conduct, decisions, duties, breaches of duty, or damages caused by "W.D. Wright", Plaintiff makes such allegations against each W.D. Wright Defendant individually and/or collectively.

6.    This court has personal jurisdiction over the W.D. Wright Defendants because they have purposefully availed themselves of the benefits and privileges of conducting business in the State of North Carolina.

2

7. Plaintiff brings her Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the Complaint occurred in Surry County, North Carolina.

## COMMON ALLEGATIONS OF FACT

9. All preceding paragraphs are incorporated by reference as if fully set forth herein.

10. On August 15, 2024, the W.D. Wright Defendants and Surry County Sheriff Deputies were conducting a rolling roadblock for a "wire pull" utility work on I-77 in Surry County, North Carolina, near exit 100.

11. On information and belief, the W.D. Wright Defendants had contracted to provide traffic management and control services, including the implementation of the rolling roadblock for the wire pull on I-77.

12. Defendants W.D. Wright hold themselves out as a "top-tier" provider of traffic control services and advanced safety solutions with over 47 years of experience.

13. On or about August 8, 2024, the W.D. Wright Defendants had requested the assistance of four Surry County Sheriff Deputies for the wire pull project on I-77 for August 15, 2024 to provide traffic control and shut down interstate traffic in both directions of I-77 for 10-15 minutes during the hours of approximately 10:00 p.m. to 2:00 a.m. The Surry County Sheriff Deputies did not

3

participate in the planning and/or setup of the rolling roadblock.

14. On information and belief, the W.D. Wright Defendants were aware that rolling roadblock operations required a changeable message sign to warn of slow and/or stopped traffic approximately three miles in advance of the work area, and/or for the changeable message sign to be displayed ½ mile or more prior to where traffic is expected to backup.

15. On information and belief, there were no warning signs, cones, changeable message signs and/or any markings within three miles of the utility work area.

16. On information and belief, there were no warning signs, cones, changeable message signs and/or any markings within ½ mile or more of where traffic had backed up, or where all defendants knew or should have known traffic would back up.

17. On or around 10:45 p.m., Robert Lee McGriff, decedent, was traveling northbound on I-77. Mr. McGriff was a veteran, and an electrician, who was traveling to Ohio from his home in Florida.

18. As Mr. McGriff approached mile marker 97, following a slight bend in the road, he was suddenly confronted with stopped traffic and impacted the back of a tractor-trailer.

19. Without any warning signs, cones, message signs, and/or markings within the area of the traffic backup, Mr. McGriff had no reason to anticipate that traffic would be backed up on I-77 at 10:45 p.m. at night.

4

20. Without any warning signs, cones, message signs, and/or markings within the area of the traffic backup, Mr. McGriff had no reasonable opportunity to avoid the traffic backup, and subsequent impact to the tractor-trailer.

21. The collision killed Mr. McGriff.

## COUNT ONE
## NEGLIGENCE OF W.D. WRIGHT CONTRACTING DEFENDANTS

22. All preceding paragraphs are incorporated by reference as if fully set forth herein.

23. At all times relevant, the W.D. Wright Defendants had and/or undertook duties to drivers on I-77, including Robert Lee McGriff, including but not limited to:

a. Use a degree of care which a reasonable and prudent company engaging in traffic control and safety solution services would use while conducting a rolling roadblock on an interstate at night;

b. Implement signs, warnings, cones, and/or markings in a manner that would not create a danger for a driver;

c. Implement signs, warnings, cones, and/or markings within a distance in which a driver could reasonably anticipate stopped traffic;

d. Not create hazardous road conditions in the implementation of their traffic control and utility activities; and

e. Other such ways as may be discovered.

24. The W.D. Wright Defendants, through their employees, servants,

5

agents, and/or partners, and through their acts and omissions, breached their duty to Plaintiff's decedent, Robert Lee McGriff, in at least the following ways:

a.      Failing to use a degree of care which a reasonable and prudent company engaging in traffic control and safety solution services would use while conducting a rolling roadblock on an interstate at night

b.      Failing to implement signs, warnings, cones, and/or markings in a manner that would not create a danger for a driver;

c.      Failing to implement signs, warnings, cones, and/or markings within a distance in which a driver could reasonably anticipate stopped traffic;

d.      Creating hazardous road conditions;

e.      Other acts of negligence and gross negligence not specifically enumerated herein but to be developed and determined through further discovery in this action.

25.      But for the lack of signs, warnings, cones, and/or markings prior to the traffic buildup, Robert Lee McGriff, decedent, would not have impacted the tractor-trailer.

26.      The aforementioned acts and failures of Defendants which are the proximate cause of Robert Lee McGriff's pain and suffering, injuries, and death were reckless, grossly negligent, and committed with a conscious and reckless disregard and indifference for his rights, welfare, safety, and well-being.

27.      As a direct, foreseeable, and proximate result of the negligence of the W.D. Wright Defendants, Robert Lee McGriff endured unnecessary pain and

6

suffering and death, for which his Estate is entitled relief.

**COUNT TWO**
**WRONGFUL DEATH DAMAGES OF THE ESTATE OF ROBERT LEE**
**MCGRIFF – AGAINST ALL DEFENDANTS**

28.     Plaintiff realleges and repleads the preceding paragraphs as if fully set forth herein.

29.     As a direct and proximate result of the above-described negligence and breaches, and the ensuing death of Robert Lee McGriff, his next of kin have been deprived of services, society, companionship, comfort, guidance, kindly offices, and advice.

30.     This action is brought pursuant to the Wrongful Death Act of North Carolina, N.C. Gen. Stat. §28A-18-2 and other applicable North Carolina laws in effect on the date of death of Robert Lee McGriff, and this action is for all damages resulting from the unlawful and wrongful death of Robert Lee McGriff, as herein above alleged and set forth in the Wrongful Death Act, the terms and provisions of which are incorporated herein by reference as though fully set out herein and which include the following:

a.  Compensation for pain and suffering of the deceased;

b.  The present monetary value of the decedent to the persons entitled to receive the damages recovered, including, but not limited to, compensation for the loss of the reasonably expected:

    i.  Net income of the decedent;

7

ii. Services, protection, care and assistance of the deceased, whether voluntary or obligatory to the persons entitled to the damages recovered, and

iii. Society, companionship, comfort, guidance, kindly offices, and advise of the decedent to the persons entitled to the damages recovered.

c. Medical, funeral, and other expenses incident to and resulting from the injuries and death of the decedents.

d. Such punitive damages as allowable by law.

31. At the time of his death, Robert Lee McGriff was fifty years old and survived by his wife, Charise Richardson-McGriff, and his children.

**COUNT FOUR**
**PUNITIVE DAMAGES – ESTATE OF ROBERT LEE MCGRIFF AGAINST ALL DEFENDANTS**

32. All preceding paragraphs are incorporated by reference as if fully set forth herein.

33. The above acts and failure to act of the Defendants, by and through their employees, servants, representatives, partners, and/or agents as thoroughly detailed in all of the above paragraphs were performed in conscious and reckless disregard of and indifference to the rights and safety of Robert Lee McGriff, decedent; and the Defendants by and through their employees, agents, representatives, partners, officers, managers, and/or directors knew or should have known that the above acts or failure to act were reasonably likely to result in severe

8

physical and/or mental suffering.

34.     As a direct, foreseeable, and proximate result of the gross indifference and conscious and reckless disregard to the welfare and life of Robert Lee McGriff, he endured unnecessary pain and suffering, and death, for which his estate is entitled relief.

WHEREFORE, Plaintiff Charise Richardson-McGriff, respectfully prays the Court:

1.     For judgment against the W.D. Wright Defendants jointly and severally, for compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000) that will fully compensate for all the losses and damages Plaintiff has suffered and will suffer in the future as allowed by the applicable law;

2.     For an award of all pre-judgment and post-judgment interest allowed by law;

3.     For punitive damages;

4.     For attorneys' fees;

5.     For a trial by jury;

6.     And all other relief deemed just and proper by this Court.

Respectfully submitted this the 14th day of August, 2026.

PANGIA LAW GROUP

*/s/ Amanda C. Dure*
Amanda C. Dure
N.C. Bar No. 48710
1717 N Street NW, Suite 400

9

Washington, DC 20036
P: 202-955-6153
adure@pangialaw.com

10